Motion- in arrest of judgment. The case was tried' before Burke,J,, in Chareston district. The action was assumpsit against the defendant, as administrator on a promise made by his in testate: but the declaration, after stating that a note was given by on© Legge, together with the defendant’s intestate, being a joint note by them, as partners in trade, under the firm of Legge & Bampfield, alleged that the plaintiff sued and recovered a judgment against Legge, after thedecease of Bampfield, as surviving copartner; and thereupon f, sued out execution against the estate and effects of the co-partner, ship, which exeeutioD, was returned “ nulla bona and. that the' *203 ¿aid Legge is insolvent; by reason whereof, the defendant’s estate js liable, &c. &e.
To this declaration, the defendant, instead of demurring, pleaded non assumpsit; and at the trial contended for a nonsuit, as the plain. tiff had, by Lis own shewing, in his declaration, made it sufficiently appear that he was not entitled to recover. The plaintiff’s counsel insisted that the objections which were stated against the right of Recovery in the action, ought to have been pleaded in abatement, to avail him. Of this opinion was Burke, J., and the plaintiff had U verdict.
In support of the motion in this court, it was argued by J. Ward, and McCrady, that the plea in abatement would have been improper, and a nonsuit ought to have been granted. But notwithstanding that a demurrer was the proper plea, and the court of the district ought n.ot to have entertained the motion for a nonsuit, as the evidence went to prove the declaration ; yet, inasmuch as the declaration sets forth no sufficient cause of action to entitle the plaintiff to recover, the judgment ought to be arrested. That the defendant’s remedy was in equity, and not at law. The contract1 declared on was joint; and the judgment against the surviving partner bound the partnership effects. That this judgment extinguished the contract, so that no action could be maintained on it. In case the partnership fund should prove deficient, the survivor is liable de bonis propriis ; and he may have contribution of the other partner’s estate: and if the survivor be insolvent, the estate of the deceased partner may be made responsible in equity. Wats, fartn. 125.
Of this opinion >vas the whole court, and judgment was arrested.